UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL-FATAH STEWART,

                Petitioner,

        -against-

WARDEN COLLINS,

                Respondent.

21-CV-2622 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently detained in the Anna M. Kross Center on Rikers Island,

brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the

constitutionality of his ongoing criminal proceedings.[1] For the reasons discussed below, the

Court directs Petitioner to file an amended petition within sixty days of the date of this order.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody

challenging the legality of his detention on the ground that "[h]e is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the

authority to review the petition and "award the writ or issue an order directing the respondent to

show cause why the writ should not be granted, unless it appears from the application that the

applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is

obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest

arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78,

83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

---

[1] Petitioner has paid the filing fee for this action.

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this section 2241 petition challenging his criminal proceedings in the New York Supreme Court, New York County. He asserts that, although the state court remained open and it was possible to hold proceedings during the COVID-19 pandemic, he was not given a jury trial, and has been held in jail for over two years. Petitioner asserts that he was not afforded a speedy trial and he seeks: (1) "protection against undue and oppressive incarceration before trial"; (2) enforcement of his right to a jury trial; (3) enforcement of his right to "substantive due process"; and (4) dismissal of the criminal indictment. (ECF 1, at 6-7.)

Petitioner alleges that he filed a speedy trial motion under N.Y.C.P.L. §§ 30.20 and 30.30 in the New York County Supreme Court but did not receive a response. He then sought to file an appeal with the New York Supreme Court, Appellate Division, but again did not receive a response.

According to public records maintained by the New York State Unified Court System, the New York City Police Department arrested Petitioner on March 26, 2019, on robbery and burglary charges. *See People v. Stewart*, No. 01170-2019 (Sup. Ct. N.Y. Cnty.). Petitioner, who is represented by counsel in the criminal case, has remained in detention since his arrest.[2]

---

[2] According to the New York City Department of Correction's ("DOC") website's "inmate lookup service," https://a073-ils-web.nyc.gov/inmatelookup/pages/home/home.jsf (last visited July 21, 2021), Petitioner has been in DOC's custody since March 28, 2019.

**DISCUSSION**

**A.    Challenge to State-Court Criminal Proceedings**

Petitioner brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the constitutionality of his detention and seeking the dismissal of the criminal charges against him. Section 2241 provides a narrow window for a state detainee to challenge his pretrial detention, but a section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners") (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982)).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant,* 421 U.S. 117, 124 (1975); *see also Baker v. Supreme Court for New York*, No. 12-CV-4750 (BMC), 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

As Petitioner brings this *habeas corpus* petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment is final.

Courts have found special circumstances warranting *habeas* relief before trial in at least two situations. First, pretrial *habeas* relief may be appropriate where the petitioner's rights cannot be fully vindicated at the conclusion of trial. For example, courts have declined to abstain from considering double jeopardy claims in pretrial *habeas* petitions because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial. *See, e.g.*, *Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) ("The very constitutional right claimed . . . would be violated if [the petitioner] were compelled to raise his double jeopardy claim after the second trial.").

Second, courts considering whether to abstain from hearing a constitutional challenge while criminal proceedings are pending have examined whether the claim seeks relief that is collateral to the criminal proceeding. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975) (holding that federal court correctly declined to abstain from hearing claims that prisoners were being detained without probable cause hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"); *see also Braden*, 410 U.S. at 493 (*habeas* petition could be heard before trial where petitioner sought to be brought speedily to trial and "made no effort to abort a state proceeding, or to disrupt the orderly functioning of state judicial processes"). *But see Kaufman v. Kaye*, 466 F.3d 83, 86 (2d Cir. 2006) (holding in an action under 42 U.S.C. § 1983 that interference with state bail proceedings would violate principles of *Younger*); *see*

4

*also Jordan v. Bailey*, 570 F. App'x 42, 44 (2d Cir. 2014) ("*Younger* abstention ordinarily applies to a state court's bail application proceedings.") (citation omitted).

Here, Petitioner's allegations that the state court has impeded his efforts to be brought speedily to trial may present special circumstances permitting *habeas* review prior to the conclusion of his criminal proceedings.[3] *See Braden*, 410 U.S. at 493. But Petitioner does not allege facts suggesting that he has fully exhausted his state-court remedies with respect to his speedy trial claims.

**B.      Exhaustion of State-Court Remedies**

Before seeking relief under section 2241, a state pretrial detainee must first exhaust his available state-court remedies. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) (holding that "[w]hile [section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the

---

[3] Although Petitioner does not raise this issue, it is likely that his criminal case was affected by Governor Andrew Cuomo's executive order suspending N.Y. Crim. Proc. Law § 30.30. "On March 20, 2020, Governor Cuomo issued Executive Order 202.8, suspending the speedy trial limitations of Section 30.30 of the Criminal Procedure Law. 9 NYCRR 8.202.8. The suspension was continued by subsequent executive orders, including Executive Order 202.48. 9 NYCRR 8.202.48. By Executive Order 202.60, issued September 4, 2020, Governor Cuomo modified the suspension of Section 30.30 of the Criminal Procedure law 'to require that speedy trial time limitations remain suspended in a jurisdiction until such time as petit criminal juries are reconvened in that jurisdiction.' 9 NYCRR 8.202.60." *Randolph v. Cuomo*, No. 20-CV-4719, 2020 WL 6393015, at *4 n.3 (E.D.N.Y. Nov. 2, 2020).

State's established appellate review process," *id.* (noting that the Supreme Court has "never interpreted the exhaustion requirement" to require "a state prisoner to invoke *any possible avenue for review*") (emphasis original). For a pretrial detainee, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*[4]

Petitioner asserts that he filed a speedy trial motion under N.Y.C.P.L. §§ 30.20 and 30.30 in the New York County Supreme Court but did not receive a response. He then sought to file an appeal of with the New York Supreme Court, Appellate Division, but again did not receive a response. But Petitioner does not allege that he has sought *habeas corpus* relief in the state courts and has appealed the denial of such relief all the way up to the New York Court of Appeals. Petitioner therefore does not allege facts suggesting that he has fully exhausted his speedy trial claims in the state court.

Because Petitioner is proceeding in this matter *pro se*, the Court grants him leave to file an amended section 2241 petition. Petitioner must state in the amended petition what he has done to present his claims to the state courts, such as bringing a state-court *habeas* petition and pursuing all levels of review.

## CONCLUSION

Petitioner is directed to file an amended petition containing the information specified above. Petitioner must submit the amended petition to this Court's Pro Se Intake Unit within

---

[4] A petitioner who has not exhausted available state court remedies generally may seek a writ of *habeas corpus* only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

sixty days of the date of this order, caption the document as an "Amended Petition," and label the document with docket number 21-CV-2622 (LTS). An Amended Petition form is attached to this order, which Petitioner should complete. No answer shall be required at this time. If Petitioner fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the petition will be denied in its entirety.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 2, 2021
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

|  |  |
|---|---|
| _____ | ) |
| *Petitioner* | ) |
|  | ) |
| v. | ) Case No. _____ |
|  | ) *(Supplied by Clerk of Court)* |
|  | ) |
| _____ | ) |
| *Respondent* | ) |
| *(name of warden or authorized person having custody of petitioner)* |  |

## AMENDED
### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

**Personal Information**

1.  (a)  Your full name: _____

    (b)  Other names you have used: _____

2.  Place of confinement:

    (a)  Name of institution: _____

    (b)  Address: _____

    _____

    (c)  Your identification number: _____

3.  Are you currently being held on orders by:

    ❏ Federal authorities        ❏ State authorities        ❏ Other - explain:

    _____

4.  Are you currently:

    ❏ A pretrial detainee (waiting for trial on criminal charges)

    ❏ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

    If you are currently serving a sentence, provide:

    (a)  Name and location of court that sentenced you: _____

    _____

    (b)  Docket number of criminal case: _____

    (c)  Date of sentencing: _____

    ❏ Being held on an immigration charge

    ❏ Other *(explain)*: _____

    _____

    _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Decision or Action You Are Challenging

5.  What are you challenging in this petition:

❐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

❐ Pretrial detention

❐ Immigration detention

❐ Detainer

❐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

❐ Disciplinary proceedings

❐ Other *(explain)*: _____

_____

_____

6.  Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: _____

_____

(b) Docket number, case number, or opinion number: _____

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____

_____

_____

(d) Date of the decision or action: _____

## Your Earlier Challenges of the Decision or Action

7.  **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❐ Yes            ❐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not appeal: _____

_____

8.     **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❑ Yes                    ❑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

(b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.     **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

❑ Yes                    ❑ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court: _____

_____

(2)  Date of filing: _____

(3)  Docket number, case number, or opinion number: _____

(4)  Result: _____

(5)  Date of result: _____

(6)  Issues raised: _____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

(b)  If you answered "No," explain why you did not file a third appeal:  _____

_____

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

❐ Yes                    ❐ No

If "Yes," answer the following:

(a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

❐ Yes                    ❐ No

If "Yes," provide:

(1)  Name of court:    _____

(2)  Case number:    _____

(3)  Date of filing:    _____

(4)  Result:    _____

(5)  Date of result:    _____

(6)  Issues raised:    _____

_____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❐ Yes                    ❐ No

If "Yes," provide:

(1)  Name of court:    _____

(2)  Case number:    _____

(3)  Date of filing:    _____

(4)  Result:    _____

(5)  Date of result:    _____

(6)  Issues raised:    _____

_____

_____

AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

_____

_____

_____

    (c)     Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your

            conviction or sentence: _____

_____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

      Does this case concern immigration proceedings?

      ❏ Yes           ❏ No

          If "Yes," provide:

    (a)     Date you were taken into immigration custody: _____

    (b)     Date of the removal or reinstatement order: _____

    (c)     Did you file an appeal with the Board of Immigration Appeals?

          ❏ Yes          ❏ No

          If "Yes," provide:

          (1)  Date of filing: _____

          (2)  Case number: _____

          (3)  Result: _____

          (4)  Date of result: _____

          (5)  Issues raised: _____

_____

_____

_____

_____

_____

    (d)     Did you appeal the decision to the United States Court of Appeals?

          ❏ Yes          ❏ No

          If "Yes," provide:

          (1)  Name of court: _____

          (2)  Date of filing: _____

          (3)  Case number: _____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

      (4)  Result: _____

      (5)  Date of result: _____

      (6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

12.      **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes          ❏ No

If "Yes," provide:

(a)  Kind of petition, motion, or application: _____

(b)  Name of the authority, agency, or court: _____

_____

(c)  Date of filing: _____

(d)  Docket number, case number, or opinion number: _____

(e)  Result: _____

(f)  Date of result: _____

(g)  Issues raised: _____

_____

_____

_____

_____

_____

_____

**Grounds for Your Challenge in This Petition**

13.      State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

**GROUND ONE**: _____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

(b)  Did you present Ground One in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND TWO**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Two in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND THREE**: _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Three in all appeals that were available to you?

❏ Yes                    ❏ No

**GROUND FOUR:** _____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes                    ❏ No

14.   If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: _____

_____

_____

_____

<b>Request for Relief</b>

15.  State exactly what you want the court to do: _____

_____

_____

_____

_____

AO 242 (12/11)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

### Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

_____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: _____           _____

*Signature of Petitioner*

_____

*Signature of Attorney or other authorized person, if any*

[ Print ]        [ Save As... ]                              [ Reset ]