UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AL-FATAH STEWART,

       Petitioner,

  -against-

WARDEN COLLINS,

       Respondent.

21-CV-2622 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner, who is currently detained in the Anna M. Kross Center on Rikers Island, filed this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, challenging the constitutionality of his ongoing criminal proceedings. By order dated August 2, 2021, the Court granted him sixty days' leave to file an amended petition under Section 2241 stating facts suggesting that he has fully exhausted his claims through the State of New York's established review process. On August 24, 2021, Petitioner filed an amended petition, and on August 31, 2021, he submitted a supplement to the amended petition. After reviewing the submissions, the Court denies the petition for a writ of *habeas corpus* under Section 2241 without prejudice.

## BACKGROUND

  Petitioner filed this *habeas corpus* action to challenge his criminal proceedings in the New York Supreme Court, New York County. He asserted that, although the state court remained open and it was possible to hold proceedings during the COVID-19 pandemic, he was not given a jury trial, and has been held in jail for over two years since his arrest on March 26, 2019, in violation of his speedy trial rights. Petitioner further alleged that he filed a speedy trial motion under N.Y.C.P.L. §§ 30.20 and 30.30 in the New York County Supreme Court but did not receive

a response. He then sought to file an appeal with the New York Supreme Court, Appellate Division, but again did not receive a response.

In the August 2, 2021 order, the Court determined that, although it would ordinarily abstain from hearing a *habeas corpus* petition challenging pretrial detention under *Younger v. Harris*, 401 U.S. 37 (1971), Petitioner's assertion of speedy trial violations could present special circumstances permitting *habeas* review prior to the conclusion of his criminal proceedings. (ECF 6 at 4-5.) Because Petitioner failed, however, to allege facts suggesting that he had properly exhausted his state-court remedies before filing the petition, the Court granted him sixty days' leave to file a Section 2241 amended petition stating facts suggesting that he has fully exhausted his speedy trial claims, including seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court.

On August 24, 2021, Petitioner submitted a 229-page amended petition to the Court, consisting of a form Section 2241 amended petition and 219 pages of exhibits. (ECF 7.) He asserts in the form petition that he has been subjected to "30 months of imprisonment without being afforded a speedy trial" and that there has been no response to his Section 30.30 motion in the state court. (*Id*. at 2.) Petitioner also checks the boxes on the form petition indicating that he has sought to appeal his speedy trial claims to higher state courts, but he does not provide any information about the courts or the appeals. He also does not specify his grounds for relief or provide any supporting facts. Rather, Petitioner refers the Court to his voluminous exhibits for more information on his constitutional claims and his attempts to exhaust his remedies in the state courts.

Petitioner's exhibits consist of multiple letters and grievances against Jeffrey Chabrowe, his defense counsel, that he filed with the Attorney Grievance Committee for the New York State Supreme Court, Appellate Division, First Department, and Judge Curtis Farber, the judge presiding over his criminal case in the New York County Supreme Court. In the letters and grievances against his counsel, Petitioner repeatedly asserts that he has been denied his speedy trial rights. He also submits the following: various grievances and complaints that he filed while in the custody of the New York City Department of Correction relating to the conditions of his confinement; documents relating to the Universal Life Church; and affidavits from individuals concerning his innocence against the robbery and burglary charges that were lodged against him. Petitioner also includes in the exhibits a "Motion to Dismiss Indictment for Denial of Right to Speed Trial Pursuant to CPL Sec. 30.20, 30.30(1)(a) or CPL Sec. 30.30 (2)(a)," which is dated September 30, 2020, and was filed in the state-court criminal action. (*Id*. at 28.)

A week after filing his amended complaint, on August 31, 2021, Petitioner submitted a supplement to his amended petition. In that submission, Petitioner asserts claims relating to his conditions of confinement at Rikers Island, and he again alleges that his speedy trial rights have been violated. He contends that former Governor Andrew Cuomo's executive orders suspending Section 30.30 were unconstitutional,[1] and attaches a copy of a decision from the United States District Court for the Central District of California, *United States v. Henning*, 2021 WL 222355

---

[1] "On March 20, 2020, then-Governor Cuomo issued Executive Order 202.8, suspending the speedy trial limitations of Section 30.30 of the Criminal Procedure Law. 9 NYCRR 8.202.8. The suspension was continued by subsequent executive orders, including Executive Order 202.48. 9 NYCRR 8.202.48. By Executive Order 202.60, issued September 4, 2020, Governor Cuomo modified the suspension of Section 30.30 of the Criminal Procedure law 'to require that speedy trial time limitations remain suspended in a jurisdiction until such time as petit criminal juries are reconvened in that jurisdiction.' 9 NYCRR 8.202.60." *Randolph v. Cuomo*, No. 20-CV-4719, 2020 WL 6393015, at *4 n.3 (E.D.N.Y. Nov. 2, 2020).

(C.D. Cal. Jan. 19, 2021), which held that the Central District of California's indefinite suspension of jury trials during the COVID-19 pandemic violated the Sixth Amendment and the Speedy Trial Act.

## DISCUSSION

Petitioner filed this action seeking relief for alleged violation of his speedy trial rights. In the August 2, 2021 order, the Court granted him leave to file a Section 2241 amended petition to state facts showing that he has exhausted his available state-court remedies. *See United States ex rel. Scranton v. State of New York*, 532 F.2d 292, 294 (2d Cir. 1976) (holding that "[w]hile [section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal *habeas* relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism). In particular, the Court directed Petitioner to allege in the amended petition what he has done to present his claims to the state courts, such as bringing a state-court *habeas* petition and pursuing all levels of review, including appealing any decision all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Petitioner does not appear to have exhausted his speedy trial claims in the state courts before seeking federal *habeas corpus* review. The exhibits to which he refers the Court for his claims and exhaustion indicate that on September 30, 2020, he filed a speedy trial motion under N.Y.C.P.L. §§ 30.20 and 30.30 in the New York County Supreme Court. Petitioner alleges that he did not receive a response to the motion, but he does not specify what steps he took to seek further review of his claims in a higher state court. He appears to consider the letters and grievances he filed against his attorney in which he mentioned the speedy trial violations, as an appeal of his motion. But those submissions do not appear to have been submitted through the state court's established review process. Nor does Petitioner allege that he has sought *habeas*

*corpus* relief in the state courts and has appealed the denial of such relief all the way up to the New York Court of Appeals. At no point does Petitioner allege facts suggesting that he has given the state courts a full opportunity to resolve any constitutional issues by invoking one complete round of the State of New York's established appellate review process.

Because Petitioner has not exhausted his state-court remedies, and he does not allege any facts suggesting that he should be excused from doing so,[2] his amended petition is denied for lack of exhaustion. Petitioner may file a new petition once he has exhausted his state-court remedies.[3]

## CONCLUSION

The Court denies the petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 without prejudice for lack of exhaustion. The Clerk of Court is directed to terminate any other pending matter.

---

[2] A petitioner who has not exhausted available state court remedies generally may seek a federal writ of *habeas corpus* only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or (2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[3] Petitioner also alleges in the amended petition conditions-of-confinement claims arising from his detention at Rikers Island. Although federal prisoners may challenge their conditions of confinement under Section 2241, *see Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008), "[t]he Second Circuit has not yet extended this ability to persons in state custody," *Hargrove v. Dep't of Correction*, No. 09-CV-876 (WWE), 2009 WL 2372165, at *1 (D. Conn. July 30, 2009). Moreover, as the Supreme Court held in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "a [42 U.S.C.] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499; *see Peralta v. Vasquez*, 467 F.3d 98, 102 (2d Cir. 2006) ("*habeas* is the exclusive remedy for a state prisoner seeking an earlier release," and Section 1983 is the proper remedy to challenge conditions of confinement) (citing *Preiser*, 411 U.S. at 499.)). Thus, if Petitioner seeks relief for the alleged conditions of his confinement, he must file a Section 1983 civil rights action to litigate those claims.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   October 18, 2021
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge